IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDWEST INSTITUTE,          )<br>                                             )<br>            Plaintiff,              )<br>                                             )<br>  v.                                        )<br>                                             )<br>CECILIA SEESHOLTZ, et al.,  )<br>                                             )<br>            Defendants.         )<br>_____) | Case No. CV-07-199-S-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by the Forest Service. The Court heard oral argument on August 6, 2008, and took the motion under advisement. For the reasons expressed below, the Court will grant the motion.

## FACTUAL BACKGROUND

Plaintiff Wildwest Institute filed this suit to challenge two logging projects known as the Clear Prong Project and the Upper Muir Vegetation Management Project. Both projects are being conducted by the Forest Service in the Boise National Forest (BNF).

**Memorandum Decision – Page 1**

The Clear Prong Project was approved by the Forest Service in a Record of Decision issued on July 10, 2006.  The Upper Muir Project was approved in a Decision Notice/Finding of No Significant Impact (DN/FONSI) on September 26, 2006.  The Forest Service reviewed both projects under the 2003 BNF Revised Forest Plan (RFP).

In May of 2007, the Forest Service published advertisements seeking bids for the two projects.  On May 3, 2007, plaintiff Wildwest filed this lawsuit challenging both projects.  Wildwest's complaint alleges that the 2003 BNF RFP – and the two projects approved under the RFP – failed to adequately protect the viability of wildlife species, and provide for their habitat, thereby violating NFMA and NEPA.

About three weeks after filing the lawsuit, Wildwest moved for a preliminary injunction to halt the two projects.  On June 19, 2007, the Forest Service filed a Notice stating that no commercial logging would take place under the two projects until June 1, 2008, at the earliest.  In addition, the Notice states that pre-commercial thinning and road-decommissioning would occur, but that Wildwest had agreed to those two activities.  Based on the Notice, Wildwest agreed to withdraw its motion for preliminary injunction.

In September of 2007 – about four months after Wildwest filed its lawsuit –

**Memorandum Decision – Page 2**

the Forest Service announced that it would prepare an EIS to analyze proposed amendments to the 2003 BNF RFD. The proposed amendments include both "short-term and long-term management strategies and priorities for maintaining and restoring habitats associated with terrestrial wildlife species." *See* 72 Fed.Reg. 52540.

On February 15, 2008, Wildwest filed a motion for summary judgment on its NFMA and NEPA challenges to the 2003 BNF RFP and the two projects. Instead of responding to Wildwest's motion with a response brief, the Forest Service issued letters by Frank Guzman, the BNF Acting Supervisor, stating that he had "decided not to implement [the two projects] at this time and am withdrawing [the approval documents for the two projects]." The letters are dated March 14, 2008.

Based on this withdrawal, the Forest Service filed its own motion for summary judgment, alleging that Wildwest's lawsuit was now moot and should be dismissed. In support of its motion, the Forest Service filed the Declaration of Acting Supervisor Guzman, stating that "I have not yet determined whether to cancel the projects; conduct additional analysis consistent with NEPA and its implementing regulations, and modify the projects; or conduct additional analysis and approve the projects as originally designed." *See Guzman Declaration* at ¶ 3,

**Memorandum Decision – Page 3**

p. 2.

About two months later – on July 21, 2008 – the new BNF Forest Supervisor, Cecilia Seesholtz, filed her Declaration stating as follows:

> No commercial timber sale activity within the Clear Prong or Upper Muir project areas will go forward until (a) the Forest Plan amendment process addressing forested habitat and associated species has been completed; (b) new information or changed conditions concerning forested habitat within the planning unit has been identified and, as applicable, incorporated into supplemental or new project NEPA analyses; (c) a legal notice of proposed commercial timber harvest has been published requesting public comment, consistent with 36 CFR 215.5 and 215.6; and (d) a legal notice of decision for commercial timber sale activities has been published in accordance with 36 CFR 215.7. Any new project decision that authorizes commercial timber sale activities within the Clear Prong or Upper Muir Vegetation Management project areas will be subject to administrative appeal in accordance with 36 CFR 215.11.

*See Seesholtz Declaration* at ¶¶ 5-6, pp. 2-3.

On the basis of the Seesholtz and Guzman Declarations, the Forest Service argues, among other things, that the dispute is now moot because it has withdrawn the projects. Wildwest responds that the withdrawal does not meet the strict conditions required for mootness.

## ANALYSIS

Federal courts must confine themselves to deciding actual cases and controversies. *See* U.S. Const. art. III, § 2, cl. 1. Article III requires that a live

**Memorandum Decision – Page 4**

controversy persist throughout all stages of the litigation. *See Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed").

In this case, about four months after Wildwest's challenge to the 2003 BNF RFP was filed, the Forest Service announced the beginning of a revision process for that RFP. The proposed revisions being analyzed address the very same concerns – wildlife viability and old-growth habitat – raised by the complaint here. Then, about six months later, the Forest Service withdrew the two logging projects at issue.

Thus, circumstances have changed substantially since this lawsuit was filed. The BNF RFP is proceeding through a new NEPA and NFMA review process and may emerge in quite a different form than presently constituted. Because the very issues raised by Wildwest in this lawsuit are being considered in the revision process, and could be resolved in Wildwest's favor, the Court's consideration of those issues now would be a waste of judicial resources and a mere advisory opinion.

Wildwest responds that the 2003 BNF RFP is the extant plan governing affairs in the BNF, and is therefore subject to challenge now. That would certainly be true if the Forest Service was proceeding with logging projects under the 2003

**Memorandum Decision – Page 5**

BNF RFP at the same time that it was evaluating revisions to the RFP. But the Forest Service has withdrawn the two projects at issue here. Thus, Wildwest suffers no prejudice by being forced to wait until the new BNF RFP emerges from the review process.

     Wildwest objects to this analysis for two reasons. First, Wildwest argues that the "withdrawal" of the projects is uncertain given the equivocal language in the Guzman Declaration, quoted above. The Court agrees that Guzman's Declaration was far from clear. However, as discussed above, the new Forest Supervisor, Cecilia Seesholtz, more forcefully declares that the logging projects will not go forward until the entire NEPA and NFMA review process is completed, at which time there will be full administrative appeal rights accorded to Wildwest. At oral argument, the Forest Service's counsel reiterated this point, representing that the logging projects will not go forward until the review process – which will involve the creation of a new administrative record – is completed. Relying entirely on the representations of the Forest Service, the Court finds that the two logging projects at issue here have been withdrawn irrevocably until the RFP revision process is complete, including an appeal from the Forest Service's decision adopting the RFP. Once the RFP is in place, the Forest Service may elect to re-initiate the Clear Prong and Upper Muir projects but, in doing so, they will

**Memorandum Decision – Page 6**

also have to reinitiate the NEPA process for those projects, including an analysis of the projects under the terms of the newly-adopted RFP.

Wildwest argues that other logging projects in the area are still proceeding. Wildwest has not challenged those projects in this lawsuit, however, and the facts concerning them are not in this record. Hence, the Court cannot consider this argument.

The parties focused a portion of their briefing and argument on the doctrine that a defendant's "voluntary cessation of a challenged practice" does not render an action moot unless (1) it can be said with assurance that "there is no reasonable expectation that the alleged violation will recur," and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). Here, the Forest Service's irrevocable withdrawal of both projects, the pending completion of a Revised Forest Plan, and the need to re-initiate the NEPA process if either project is reinitiated, establishes that both prongs are fully satisfied and the challenges raised here are moot.

Moreover, "[t]here is no reason to demand a final expression in terms of standing, ripeness, mootness, or political question doctrine, if the court is able to conclude that there is no sufficient need for deciding the issues tendered without

**Memorandum Decision – Page 7**

relying on the frequently question-begging terminology of any single concept." *See* 13 Wright, Miller, and Cooper, *Federal Practice & Procedure*, § 3529 at p. 290 (2nd ed. 1984). In this case, a number of factors combine to make the issues non-justiciable. This lawsuit challenges the 2003 BNF RFP for lacking consideration of issues that are presently under review in a revision process undertaken by the Forest Service. A decision rendered now on those issues would be a potential waste of judicial resources and an advisory opinion. Wildwest is not prejudiced because the two logging projects have been withdrawn irrevocably until the revision process is complete. When that revision process is complete, Wildwest's concerns may have been resolved, but if not, Wildwest will have full appeal rights on a new administrative record.

    For all these reasons, the Court will grant the Forest Service's motion for summary judgment. Pursuant to Rule 59, the Court will issue a separate Judgment.

DATED: **August 8, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – Page 8**